Denis W. Stearns, Wis. Bar No. 1020675
William D. Marler, application pending
MARLER CLARK, L.L.P., P.S.
1012 First Avenue, Fifth Floor
Seattle, WA 98104
Telephone: (206) 346-1888
Facsimile: (206) 346-1898
Email: dstearns@marlerclark.com

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| AARON RINGMEIER, and individual<br><br>Plaintiff,<br><br>v.<br><br>DEL MONTE FRESH PRODUCE N.A., Inc., a Florida company,<br><br>Defendant. | CASE NO. 2:18-CV-01611-LA<br><br>**FIRST AMENDED COMPLAINT** |

COMES NOW the plaintiff, as set forth in the caption above, by and through his attorneys of record, Denis W. Stearns, and the law firm of Marler Clark, L.L.P., P.S., to allege and complain as follows:

## I. THE PARTIES

1.1 At all times relevant to this action, the Plaintiff, Aaron Ringmeier ("Plaintiff"), lived in Sheboygan, Wisconsin, making him a resident and a citizen of the State of Wisconsin and, therefore, within the jurisdiction of this Court.

1.2 At all times relevant to this complaint, the Defendant Del Monte Fresh Produce N.A., Inc. ("Defendant") is and was a corporation organized and existing under the laws of the State of Florida, with its headquarters and principal place of business located at 241 Sevilla Ave.,

Coral Gables, Florida 33134. Moreover, Del Monte Fresh Produce N.A. Inc. is authorized to do, and in fact does, business in, Wisconsin, specifically through, and without limitation or exclusion, its operation of a food service plant in Plover, Wisconsin, where, upon information and belief, the products or kinds of products giving rise to this action are made, stored, or distributed.

## II. JURISDICTION AND VENUE

2.1 This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000 exclusive of interests and costs, and this is an action by an individual plaintiff who is a citizen of Wisconsin against a defendant that, based on its State of Incorporation, and the location of its principal place of business, is a citizen of Florida.

2.2 Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claim asserted here occurred in this judicial district, and because the defendant was subject to personal jurisdiction in this judicial district at the time of the commencement of the action.

## III. GENERAL ALLEGATIONS

**The 2018 Del Monte *Cyclospora* Outbreak**

3.1 As of September 5, 2018, this outbreak appears to be over.

3.2 CDC, public health and regulatory officials in four states, and the U.S. Food and Drug Administration (FDA) investigated an outbreak of Cyclospora cayetanensis infections.

3.3 As of September 5, 2018, CDC was notified of 250 laboratory-confirmed cases of *Cyclospora* infection in people from 4 states who reported consuming pre-packaged Del Monte Fresh Produce vegetable trays containing broccoli, cauliflower, carrots, and dill dip.

3.4 Eight people were hospitalized. No deaths were reported.

3.5 Epidemiologic evidence indicated that pre-packaged Del Monte Fresh Produce vegetable trays containing broccoli, cauliflower, carrots, and dill dip were the likely vehicle of this

outbreak.

3.6     Ill people reported eating pre-packaged Del Monte Fresh Produce vegetable trays containing broccoli, cauliflower, carrots, and dill dip. Ill people reported buying pre-packaged Del Monte Fresh Produce vegetable trays containing broccoli, cauliflower, carrots, and dill dip in the Midwest. Most people reported buying the trays at Kwik Trip convenience stores.

3.7     On June 15, 2018, Del Monte Fresh Produce N.A. Inc., recalled 6 oz., 12 oz., and 28 oz. pre-packaged vegetable trays containing fresh broccoli, cauliflower, celery sticks, carrots, and dill dip. Any recalled vegetable trays would now be expired.

3.8     Based on epidemiological data or traceback evidence, it was not possible to determine if an individual component of the vegetable trays was the likely vehicle of infection. FDA evaluated and reviewed the distribution and supplier information for each component of the recalled vegetable trays as part of the traceback investigation. The investigation did not identify a single source or potential point of contamination for any of the items that comprised the recalled vegetable trays.

**What is *Cyclospora*?**

3.9     *Cyclospora* is a parasite composed of one cell, too small to be seen without a microscope. The organism was previously thought to be a blue-green alga or a large form of cryptosporidium. Cyclospora cayetanensis is the only species of this organism found in humans. The first known human cases of illness caused by *Cyclospora* infection (that is, cyclosporiasis) were first discovered in 1977. An increase in the number of cases being reported began in the mid-1980s, in part due to the availability of better diagnostic techniques. Over 15,000 cases are estimated to occur in the United States each year. The first recorded *Cyclospora* outbreak in North America occurred in 1990 and was linked to contaminated water. Since then, several cyclosporiasis outbreaks have been reported in the U.S. and Canada, many associated with eating

fresh fruits or vegetables. In some developing countries, cyclosporiasis is common among the population and travelers to those areas have become infected as well.

3.10  *Cyclospora* is spread when people ingest water or food contaminated with infected stool. For example, exposure to contaminated water among farm workers may have been the original source of the parasite in raspberry-associated outbreaks in North America.

3.11  *Cyclospora* needs time (one to several weeks) after being passed in a bowel movement to become infectious. Therefore, it is unlikely that *Cyclospora* is passed directly from one person to another. It is not known whether or not animals can be infected and pass infection to people.

3.12  *Cyclospora* infects the small intestine (bowel) and usually causes watery diarrhea, bloating, increased gas, stomach cramps, and loss of appetite, nausea, low-grade fever, and fatigue. In some cases, vomiting, explosive diarrhea, muscle aches, and substantial weight loss can occur. Some people who are infected with *Cyclospora* do not have any symptoms. Symptoms generally appear about a week after infection. If not treated, the illness may last from a few days up to six weeks. Symptoms may also recur one or more times. In addition, people who have previously been infected with *Cyclospora* can become infected again.

3.13  *Cyclospora* has been associated with a variety of chronic complications such as Guillain-Barre syndrome, reactive arthritis or Reiter's syndrome, biliary disease, and acalculous cholecystitis. Since *Cyclospora* infections tend to respond to the appropriate treatment, complications are more likely to occur in individuals who are not treated or not treated promptly. Extraintestinal infection also appears to occur more commonly in individuals with a compromised immune system.

**Aaron Ringmeier's *Cyclospora* Infection**

3.14  On May 26, 2018, the Plaintiff, age 39, purchased a Del Monte Fresh Produce

vegetable-tray from Kwik Trip, a convenience store located in Manitowoc, Wisconsin. The personal-size, pre-packaged, ready-to-eat vegetable tray contained *Cyclospora*-contaminated broccoli, cauliflower, carrots, and dill dip.

3.15    On June 6, 2018, the Plaintiff began to experience vomiting, diarrhea, stomach cramps, and fatigue, all of which are symptoms consistent with *Cyclospora* infection.

3.16    Because of his continuing illness, the Plaintiff presented to Aurora Medical on June 19. Due to the severity of his illness, the Plaintiff continued treatment until July 15, 2018.

3.17    On June 28, 2018, laboratory tests were conducted by ACL Laboratories of Aurora Medical. The Plaintiff's stool sample returned positive for *Cyclospora*. These results were reported to the State of Wisconsin Department of Health Services.

3.18    The State of Wisconsin Department of Health Services linked the Plaintiff's *Cyclospora* infection to others infected with *Cyclospora* following consumption of Del Monte Fresh Produce personal sized vegetable trays purchased at various Kwik Trip locations.

## IV.    CAUSES OF ACTION

### Strict Liability—Count I

4.1    At all times relevant to this action, the Defendant was the manufacturer and seller of an adulterated food product that, as a result of its defective and unsafe condition, having been contaminated with *Cyclospora* at the time of sale, caused injury to the Plaintiff.

4.2    The adulterated food product that the Defendant manufactured and sold was, at the time it left the Defendant's control, defective and unreasonably dangerous for its ordinary and expected use because of its contamination with *Cyclospora*.

4.3    The adulterated food product that the Defendant manufactured and sold was sold to the Plaintiff without any change in its defective condition.

4.4    The adulterated food product that the Defendant manufactured and sold was

used in the manner expected and intended—that is, consumed by the Plaintiff.

  4.5  The Plaintiff suffered injury and damages as a direct and proximate result of the defective and unreasonably dangerous condition of the adulterated food product that the Defendant manufactured and sold.

**Negligence & Negligence Per Se—Count II**

  4.6  The Plaintiff incorporates the preceding paragraphs of this Complaint, by this reference, as if each of these paragraphs were set forth here in its entirety.

  4.7  The Defendant designed, manufactured, and distributed, ready-to-eat, personal-sized, pre-packaged vegetable trays that were contaminated with *Cyclospora,* a deadly pathogen.

  4.8  The Defendant owed a duty to all persons who purchased and consumed its product, including the Plaintiff, to manufacture and distribute food products that were safe to eat, that were not adulterated with deadly pathogens, like *Cyclospora*, and that were not in violation of applicable food and safety regulations. The Defendant breached these duties.

  4.9  The Defendant owed a duty to all persons who purchased and consumed its food products, including the Plaintiff, to ensure that any representations regarding the certifications of its products had undergone prior to distribution and sale were made with reasonable care and were true, accurate, and not misleading. The Defendant breached these duties.

  4.10  The Defendant had a duty to comply with all statutes, laws, regulations, or safety codes pertaining to the manufacture, distribution and storage of its food products, but failed to do so, and were therefore negligent. The Plaintiff was among the class of persons designed to be protected by these statutes, laws, regulations, safety codes or provision pertaining to the manufacture distribution, storage, and sale of similar food products.

  4.11  The Defendant breached the duties owed to the ultimate consumers of the vegetable trays by committing the following acts and omissions of negligence:

4.11.1 Failed to adequately maintain or monitor the sanitary conditions of their products, premises, equipment, and employees, and the products, premises, equipment and employees of other entities in the supply chain of the ingredients and packaging for the subject vegetable trays;

4.11.2 Failed to apply their food safety policies and procedures to ensure the safety and sanitary conditions of their food products, premises, and employees, with such failure falling short of what applicable food safety and quality laws and regulations required;

4.11.3 Failed to apply food safety policies and procedures that met industry standards for the safe and sanitary production of food products, and the safety and sanitary condition of their premises and employees;

4.11.4 Failed to take the steps necessary to prevent the foreseeable transmission of *Cyclospora* to consumers of their vegetable trays;

4.11.5 Failed to properly train their employees and agents how to prevent the transmission of *Cyclospora* on their premises, from their facilities or equipment, or in their food products;

4.11.6 Failed to test their vegetable trays for microbial pathogens, like *Cyclospora*.

4.12 The Defendant had a duty to comply with all statutory and regulatory provisions that pertained or applied to the manufacture, distribution, and storage of their food products. The Defendant breached this duty.

4.13 The Defendant owed a duty to the Plaintiff to use reasonable care in the manufacture and distribution of their food products, to prevent contamination with *Cyclospora*. The Defendant breached this duty.

4.14 The Plaintiff's injuries proximately and directly resulted from the negligence of the Defendant, and from the Defendant's violations of statutes, laws, regulations, and safety codes pertaining to the manufacture and distribution of food.

## V. DAMAGES

5.1 For purposes of pleading damages, the Plaintiff incorporates all of the above-stated allegations as if fully set forth here.

5.2   The Plaintiff suffered general, special, incidental, and consequential damages as a direct and proximate result of the acts and omissions of the Defendant, as set forth above, in an amount that shall be fully proven at the time of trial.  Such damages include, but are not limited to: past and future damages for pain and suffering, loss of enjoyment of life, mental distress, and fear of future illness and death; past and future medical expenses and other costs or related out-of-pocket expenses; lost wages and earning-capacity, past and future; loss of consortium; and any other damages that are reasonably anticipated to arise under the circumstances.

## JURY DEMAND

The Plaintiff hereby demands a jury trial.

### A.   PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment against the defendant as follows:

A.   Ordering compensation for all general, special, incidental, and consequential damages suffered by the Plaintiff as a result of the defendant's conduct;

B.   Awarding Plaintiff his reasonable attorneys fees and costs, to the fullest extent allowed by law; and

C.   Granting all such additional or further relief as this Court deems just and equitable under the circumstances.

DATED this 14th day of January 2019.

**ON BEHALF OF THE PLAINTIFF:**

\s\ Denis W. Stearns
Denis W. Stearns, Wis. Bar No. 1020675
William D. Marler, application pending
MARLER CLARK, L.L.P., P.S.
1012 First Avenue, Fifth Floor
Seattle, WA 98104
Telephone: (206) 346-1888
Facsimile: (206) 346-1898
Email: dstearns@marlerclark.com