# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| AARON RINGMEIER, an individual, | Case No.: 2:18-cv-01611-LA |
| Plaintiff, | |
| v. | |
| DEL MONTE FRESH PRODUCE N.A., INC. a Florida company, | |
| Defendant. | |

## PROTECTIVE ORDER

Based upon the stipulation of Plaintiff Aaron Ringmeier and Defendant Del Monte Fresh Produce N.A., Inc. ("the Parties"), and the representations set forth therein, the Court finds that the exchange of sensitive information between or among the Parties and/or third parties other than in accordance with this Order may cause unnecessary damage and injury to the Parties or to others. The Court further finds that the terms of this Order are fair and just and that good cause has been shown for entry of a Protective Order governing the confidentiality of documents produced in discovery, answers to interrogatories, answers to requests for admission, and deposition testimony.

IT IS THEREFORE ORDERED THAT, pursuant to Fed. R. Civ. P. 26(c) and Civil L. R. 26(e):

1. **Definitions.** As used in this protective order:

    a. "attorney" means an attorney who has appeared in this action;

b. "confidential document" means a document designated as confidential under this protective order;

c. "confidential - Attorneys' Eyes Only" documents are the subset of Confidential documents designated pursuant to paragraph 2(c);

d. to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

e. "document" means information disclosed or produced in discovery, including at a deposition;

f. "notice" or "notify" means written notice;

g. "party" means a party to this action; and

h. "protected document" means a document protected by a privilege or the work-product doctrine.

2. **Designating a Document or Deposition as Confidential.**

    a. A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party contends that it contains confidential or proprietary information.

    b. A party or non-party may designate a document as confidential by conspicuously marking each page with the word "Confidential."

    c. The parties shall have the right to further designate confidential documents or portions of documents as "Confidential - Attorneys' Eyes Only," in which case a confidential document so designated may not be revealed to another party. Designating a document as "Confidential – Attorneys' Eyes Only" means that the

disclosing party reasonably and in good faith believes the information contained in the document is so highly sensitive that its disclosure could result in significant competitive or commercial disadvantage to the disclosing party. Disclosure of "Confidential – Attorneys' Eyes Only" information shall be limited to the persons designated in paragraphs 3(b)(1)-(4) and 3(b)(6).

    d. Any third parties producing documents in the course of this action may also designate documents as "Confidential" or "Confidential - Attorneys' Eyes Only", subject to the same protections and constraints as the Parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action.

    e. Deposition testimony may be designated as confidential:

        (1) on the record at the deposition; or

        (2) within 30 days after the deposition, by promptly notifying the parties and those who were present at the deposition.

        (3) If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

**3. Who May Receive a Confidential Document.**

    a. A confidential document may be used only in this action, or any related action in this jurisdiction for which notice of the claim has been provided to the producing party prior to the termination of this action. No person receiving a confidential document or discovery material shall, directly or indirectly, use, transfer, disclose,

or communicate the context of the confidential document or discovery material to any person other than those specified in paragraph 3(b).

    b. No person receiving a confidential document may reveal it, except to:

        (1)    the court and its staff;

        (2)    an attorney or an attorney's partner, associate, or staff;

        (3)    a person shown on the face of the confidential document to have authored or received it;

        (4)    a court reporter or videographer retained in connection with this action;

        (5)    a party (subject to paragraph 3(a)); and

        (6)    any person who is retained to assist a party or attorney with this action and who signs a declaration that contains the person's name, address, employer, and title, and that is in substantially the form in the attached Written Assurance.

        (7)    representatives of any insurers providing defense or indemnity to any of the Parties to the lawsuit.

    c. A party may supplement the "confidential" mark (see paragraph 2(c)) with the words "Attorneys' Eyes Only," in which case a confidential document so designated may not be revealed to another party.

    d. If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

4. **Serving This Protective Order on a Non-Party.** A party serving a subpoena on a non-party must simultaneously serve a copy of this Protective Order.

5. **Correcting an Error in Designation.** A party or non-party who discloses or produces a document not designated as confidential may, within fourteen (14) days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential.

6. **Use of a Confidential Document in Court.**
    a. Filing. This Protective Order does not authorize the filing of any document under seal. A confidential document may be filed only in accordance with General L.R. 79(d).
    b. Presentation at a hearing or trial. A party intending to present another party's or a non-party's confidential document at a hearing or trial must promptly notify the other party or the non-party so that the other party or the non-party may seek relief from the Court.

7. **Changing a Confidential Document's Designation.**
    a. Document disclosed or produced by a party. A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the Court orders otherwise.
    b. Document produced by a non-party. A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the Court orders otherwise after providing an opportunity for the non-party to be heard.
    c. Changing a designation by Court order. A party who cannot obtain agreement to change a designation may move the Court for an order changing the designation. If the motion affects a document produced by a non-party then, with respect to the

motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party who designated a document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

8. **Handling a Confidential Document after Termination of Litigation.**

    a. Within 60 days after the termination of this action (including any appeals) and any other action or claim brought by Plaintiff's counsel for which timely notice has been provided under 3(a), each party must:

    (1) return or destroy all confidential documents; and

    (2) notify the disclosing or producing party that it has returned or destroyed all confidential documents within the 60-day period.

    b. Notwithstanding paragraph 8(a), each attorney may retain a copy of any confidential document submitted to the court, and one set of case documents and correspondence generated in connection with the action.

9. **Inadvertent Disclosure or Production to a Party of a Protected Document.**

    a. Notice.

    (1) A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the party or non-party provides such notice and description, the privilege or protection is not waived.

    (2) A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

b. Handling of Protected Document. A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

10. **Security Precautions.**

    a. Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

    b. A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

11. **Modification of Order.**

    a. Any party may apply to the Court for a modification of the Protective Order, and nothing in the Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

    b. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

    c. Any party may apply to the Court for a modification of the Protective Order, and nothing in the Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

d.

12. **Survival of Obligations.** The obligations imposed by this Protective Order survive the termination of this action.


Dated: _____May 9_____, 2019        s/Lynn Adelman
                                          The Honorable Lynn Adelman

# WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the city of _____,

county of _____, and state of _____;

I am currently employed by _____ located at _____

and my current job title is _____.

I have read and believe I understand the terms of the Protective Order dated _____,
filed in Case Number 2:18-cv-01611-LA pending in the United States District Court for the
Eastern District of Wisconsin. I agree to comply with and be bound by the provisions of the
Protective Order. I understand that any violation of the Protective Order may subject me to
sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" or
"Confidential - Attorneys' Eyes Only" obtained pursuant to such Protective Order, or the
contents of such documents, to any person other than those specifically authorized by the
Protective Order. I shall not copy or use such documents except for the purposes of this action
and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall
return to the attorney from whom I have received them, any documents in my possession
designated "Confidential" or "Confidential - Attorneys' Eyes Only", and all copies, excerpts,
summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the Eastern District of Wisconsin for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
              (Date)                                    (Signature)